UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CARMEN GOTTLIEB,
                    Appellant,

          v.

DEPARTMENT OF LABOR,
                    Agency.

DOCKET NUMBER
NY-3443-15-0168-I-1

DATE: June 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carmen Gottlieb, Charlotte, North Carolina, pro se.

Donyell Marie Thompson, Esquire, and Sharon Bogart, New York, New
     York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed the appeal for lack of Board jurisdiction.  Generally, we grant petitions
such as this one only when:  the initial decision contains erroneous findings of
material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  On March 31, 2015, the appellant, a Wage and Hour Technician, GS-1802-06, filed this appeal alleging that the agency denied her request for a geographic reassignment from Westbury, New York, to one of the agency's North Carolina offices.[2] Initial Appeal File (IAF), Tab 1 at 1-2, 7-14. The appellant sought the reassignment as a reasonable accommodation for a health condition. *Id.* at 9. On October 22, 2015, the administrative judge issued an initial decision dismissing the appeal for lack of Board jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1, 4.

¶3  On or about November 10, 2015, the U.S. Postal Service returned the initial decision as undeliverable. IAF, Tab 11. After the administrative judge received an updated mailing address in Charlotte, North Carolina from the appellant, he again mailed her a copy of the initial decision on or about December 15,

[2] The appellant has an individual right of action appeal pending before the New York Field Office at present, MSPB Docket No. NY-1221-14-0315-W-1, in which she alleges that the agency retaliated against her by reducing her grade and failing to provide her with a rating of record for fiscal year 2013. No initial decision in that case has been issued yet. The administrative judge issued an order to show cause on the issue of jurisdiction on December 15, 2015. In a January 13, 2016 email message to the administrative judge, the appellant stated that she intends to withdraw that appeal. Initial Appeal File, Tab 12 at 2.

2015. *Id.* He explained in a notice to the appellant that the period in which she could file a petition for review would begin when she received the initial decision. *Id.* On January 13, 2016, the appellant emailed the administrative judge stating that she had not yet received the initial decision and that, on May 22, 2015, she had submitted a request to dismiss the appeal without prejudice. IAF, Tab 12 at 2. She stated that she had attached a copy of the request to the email message, but no such document is located in the record from below.[3] *Id.* On January 14, 2016, the administrative judge issued another notice to the appellant, in which he explained that he had served the initial decision at the address she had given and had notified her that the time limit for filing a petition for review would begin when she received it. IAF, Tab 13 at 1. The administrative judge also explained that the Board had never received her request for dismissal, but, because her appeal raised a question of Board jurisdiction, it was unlikely that he would have granted the request. *Id.* at 2.

¶4 The appellant filed a pleading styled "Appellant's Second Request for Dismissal and Notice of Motion to Quash Initial Decision" by mail with the administrative judge on January 28, 2016, and a supplement by facsimile on January 31, 2016. Petition for Review (PFR) File, Tabs 1-2. These submissions were docketed as a petition for review and supplement by the Clerk of the Board on February 8, 2016. *Id.* In response to the Clerk's acknowledgement letter, PFR File, Tab 3, she filed a timely motion for the Board to accept her filing as timely, PFR File, Tab 4. Therein, she states, under penalty of perjury, that she collected the initial decision from her post office box on January 12, 2016, and that the decision had not been in her box when she last checked it on January 4, 2016. *Id.* at 2. She states that the envelope containing the initial decision shows that it was rerouted from the address she had given the administrative judge in

---

[3] The appellant included a copy of the May 22, 2015 request with the petition for review, but she did not provide any proof that she had filed it with the field office below. Petition for Review File, Tab 1 at 6, Tab 2 at 12.

Charlotte, North Carolina to her new address in Wilmington, North Carolina on December 29, 2015.[4]  *Id.*  The agency has not offered any evidence controverting the appellant's statement.

¶5        We accept the appellant's petition for review as timely filed.  "Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision."  5 C.F.R. § 1201.114(e).  Here, the initial decision was re-sent long after the original issuance date.  The Charlotte address that the appellant gave the administrative judge in November 2015 was only a temporary one, IAF, Tab 12 at 2, 5, but the initial decision was forwarded to another address in Wilmington in late December, presumably at her request, PFR File, Tab 4 at 2.  The appellant stated, under penalty of perjury, that she received the initial decision after January 4, 2016, and on or before January 12, 2016.  *Id.*  Even if the initial decision reached her post office box on January 5, 2016, her filing on January 28, 2016, was timely.

¶6        We nevertheless deny the petition for review.  On review, the appellant asks the Board to quash the initial decision and "reaffirm the dismissal" of her appeal without prejudice.  PFR File, Tab 1 at 1.  She asserts that the administrative judge never granted her request for dismissal or sought to contact her about the request, mischaracterized her request for a reasonable accommodation as a request for a geographic reassignment, and exceeded the 120-day adjudication period for a mixed-case appeal.  *Id.* at 1-2, 4; *see* 5 U.S.C. § 7702(a)(1).

¶7        The appellant's arguments are unavailing.  First, nothing in the record shows that the administrative judge ever received the request for dismissal.  The only copies of the request are with the petition for review, PFR File, Tab 1 at 6, Tab 2 at 12, and even then, the appellant supplied no proof that her motion had

---

[4] The date that the envelope was forwarded is not fully legible, but it falls between December 20 and December 29, 2015.  PFR File, Tab 4 at 5.

ever been mailed or otherwise transmitted to the New York Field Office. Although the decision to dismiss an appeal without prejudice is a discretionary one, *Love v. U.S. Postal Service*, 76 M.S.P.R. 490, 492 (1997), we need not decide the issue of whether the administrative judge should have dismissed the appeal because the request was never received. As for the appellant's assertion that the administrative judge failed to maintain contact with her before the initial decision was issued, she has not shown that she attempted to contact the administrative judge when she did not receive any response to her request for dismissal.

¶8 In any event, the administrative judge decided the appeal correctly. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proof on the issue of jurisdiction. 5 C.F.R. § 1201.56(a)(2).

¶9 The appellant alleged that the agency improperly denied her request for a reasonable accommodation for her disabling condition by refusing to reassign her to one of its North Carolina offices. IAF, Tab 1 at 2, 7-14. She also alleged that the denial was in retaliation for engaging in prior equal employment opportunity activity. *Id.* at 2. The administrative judge notified the appellant that the Board might not have jurisdiction over her appeal. IAF, Tab 3. Although she requested and was granted an extension of time in which to respond, IAF, Tabs 4-5, the appellant never addressed the jurisdictional issues that the administrative judge raised.

¶10 The administrative judge properly found that the Board lacks jurisdiction over the appellant's appeal. The Board lacks jurisdiction over a reassignment action unless such action resulted in a reduction in grade or pay. *Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 10 (2009). That did not happen here. Instead, the appellant sought a reassignment as a reasonable accommodation because she believed working conditions in New York exacerbated the symptoms

of her health condition. IAF, Tab 1 at 7-12. After considering several options, the agency denied her request. *Id.* at 9-12. Absent an otherwise appealable matter, the Board lacks jurisdiction over the appellant's discrimination claim. *Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶ 13 (2005). Even if the appellant's condition had been accepted by the Office of Workers' Compensation Programs as a compensable injury and she was seeking reinstatement under 5 C.F.R. part 353, an agency's duty to restore an employee in the local commuting area is determined by the location of that employee's former duty station. *Dean v. U.S. Postal Service*, 115 M.S.P.R. 56, ¶¶ 14-15 (2010). The appellant does not dispute that her former duty station was Westbury, New York. IAF, Tab 1 at 1. Accordingly, we conclude that the administrative judge properly dismissed the appeal for lack of Board jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.